**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **JEFFREY JON PEVEHOUSE,** | ) |
| | ) |
|     **Petitioner,** | ) |
| | ) |
| v. | )    **CIV-05-1363-R** |
| | ) |
| **JOSEPH SCIBANA,** | ) |
| | ) |
|     **Respondent.** | ) |

**O R D E R**

    Before the Court are the Report and Recommendation of United States Magistrate Judge Gary M. Purcell entered February 6, 2006 and "Petitioner's Motion in Rebuttal to Magistrate's Report and Recommendation . . .," which the Court treats as an Objection to the Report and Recommendation. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court reviews the Report and Recommendation *de novo* in light of Petitioner's Objection. Petitioner's Objection is not entirely comprehensible. It appears that Petitioner takes issue with every statement in the Report and Recommendation, including descriptions of the parties' arguments and/or that Petitioner does not understand the Report and Recommendation.

    The Magistrate Judge found that Petitioner was in federal custody from March 22, 2001 until September 10, 2001. *See* Report and Recommendation at pp. 6-7. However, the Potter County District Judge's order stated that Petitioner was to be released to federal custody on November 13, 2001 because the judge deemed Petitioner to have served his state sentence. It is apparent that the Potter County judge credited Petitioner's state sentence with some or all of the time Petitioner spent in custody between February 23, 2001 and September

10, 2001, correctly or incorrectly. The BOP, in its discretion, concluded that the state judge gave Petitioner credit for all of the time spent in custody between Feb. 23, 2001 and September 10, 2001. The Court agrees with the Magistrate Judge that Petitioner has not proven otherwise. Accordingly, because Petitioner received credit on his state sentence for the time spent in custody between February 23, 2001 and September 10, 2001, whether or not he should have received credit for such time on his state sentence, pursuant to 18 U.S.C. § 3585(b) he is not entitled to credit for pretrial detention on his federal sentence because that time was "credited against another sentence." 18 U.S.C. § 3585(b).

In accordance with the foregoing, the Report and Recommendation of the Magistrate Judge is ADOPTED in its entirety and the petition of Jeffrey Jon Pevehouse for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DENIED.

**It is so ordered this 1st day of March, 2006.**

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE