### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **JEFFREY JON PEVEHOUSE,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| v. | ) | **CIV-05-1363-R** |
| | ) | |
| **JOSEPH SCIBANA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

### O R D E R

Before the Court are the Supplemental Report and Recommendation of United States Magistrate Judge Gary M. Purcell [Doc. No. 46] entered October 27, 2006 and "Petitioner's Blanket Objection and Amended Response to Supplemental Report and Recommendation [Doc. No. 47]" filed November 15, 2006.  The Magistrate Judge found that the petition herein pursuant to 28 U.S.C. § 2241 is moot to the extent Petitioner seeks sentence credit under 18 U.S.C. § 3585(b) for the time period between February 23, 2001 and March 12, 2001 and recommended that the petition be denied in all other respects.

As the Court understands Petitioner's objections, Petitioner is asserting that 18 U.S.C. § 3585(b) is unconstitutional under the Double Jeopardy and Due Process Clauses of the Fifth Amendment and Article I, Section 8 of the United States Constitution; and that the Attorney General has no power to apply 28 C.F.R. § 0.96 nor authority to grant the Bureau of Prisons Authority to interpret laws that Congress has no authority to legislate. Additionally, as the Court understands, Petitioner asserts that because no writ of habeas corpus *ad prosequendum* was issued to Potter County, Texas, when Randall County authorities transferred Petitioner to federal custody on March 22, 2001 pursuant to a writ of

habeas corpus *ad prosequendum*, Petitioner was from that time until November 13, 2001, except for one day, September 12, 2001, in "primary" federal custody and that he should have received credit on his federal sentence for that period.

Petitioner did not make the argument(s) before the Magistrate Judge that 18 U.S.C. § 3585(b) is unconstitutional on any ground or that the Attorney General had no authority to grant the Bureau of Prisons authority to interpret that statute. Accordingly, Petitioner has waived those arguments. *See Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *Segura v. Cooper*, 182 Fed. Appx. 846, 847 (10th Cir. June 21, 2006) (No. 05-2367); *Cole v. New Mexico*, 58 Fed. Appx. 825, 829 (10th Cir. Feb. 6, 2003) (No. 02-2195), *cert. denied*, 540 U.S. 832, 124 S.Ct. 80, 157 L.Ed.2d 60 (2003); *Hill v. Gilliam*, 172 F.3d 62, 1999 WL 41110 at *2 (10th Cir. Feb. 1, 1999) (No. 98-6138).

The Court has carefully reviewed the entire record herein and concurs with the findings, conclusions and recommendation of the Magistrate Judge. In particular, the Court agrees that Texas had primary custody of Petitioner from March 13, 2001 to September 12, 2001, even though Petitioner was in the physical custody of federal authorities during such time. This is because the United States Marshals' Service followed the Randall County Sheriff's Department directive to place a hold for Potter County, Texas in Petitioner's records because charges were already pending against Petitioner in Potter County when Petitioner was indicted on federal charges. There is no dispute but that Petitioner received credit toward his Potter County state sentence for the time he was in that county's primary custody, from March 13, 2001, to the date of judgment on September 12, 2001, even though he was in the physical custody of federal authorities during such time. Because he received

credit on his state criminal sentence for that period as "time served," he cannot receive credit for the same period on his federal sentence. 18 U.S.C. § 3585(b); *Weeks v. Fleming*, 301 F.3d 1175, 1178 (10th Cir. 2002), *cert. denied*, 537 U.S. 1146, 123 S.Ct. 950, 154 L.Ed.2d 848 (2003).

In accordance with the foregoing, the Report and Recommendation of the United States Magistrate Judge is ADOPTED in its entirety; the petition herein for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DENIED as moot to the extent Petitioner seeks sentence credit under 18 U.S.C. § 3585(b) for the time period between February 23, 2001 and March 12, 2001; and the petition is in all other respects DENIED.

**It is so ordered this 6th day of December, 2006.**

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE